# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Kristine Schrader<br>2250 W Berteau, Apt 3<br>Chicago, IL 60618<br><br>　　　Plaintiff,<br><br>v.<br><br>GC Services Limited Partnership<br>c/o CT Corporation System, Registered Agent<br>305 North St Paul St<br>Dallas, TX 75201<br><br>　　　Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT COLLECTION<br>PRACTICES ACT AND OTHER<br>EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around August 20, 2009, Defendant telephoned Plaintiff.

8. During this communication, Defendant failed to disclose that it was a debt collector.

9. During this communication, Defendant falsely represented that there was a "case pending" against Plaintiff and referenced a "case number".

10. During this communication, Defendant threatened to make a "bold decision" that would "directly effect [Plaintiff's] household" unless Plaintiff telephoned Defendant immediately.

11. On or around August 21, 2009, Defendant telephoned Plaintiff.

12. During this communication, Defendant failed to disclosed that it was a debt collector.

13. During this communication, Defendant again falsely represented that there was a "case pending" against Plaintiff, referenced the same "case number", and asked Plaintiff to return Defendant's phone call immediately.

14. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

15. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692e by making false and/or misleading representations during its communications with Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692e in that Defendant failed to advise Plaintiff during verbal communications that Defendant was a debt collector.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

23. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    233 S. Wacker, Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com
    Attorneys for Plaintiff